UNITED STATES of America,
Plaintiff-Appellee,

v.

Sylvia L. MENDENHALL and David A.
Camacho, Defendants-Appellants.

Nos. 78–5064, 78–5081.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 20, 1979.

Decided April 6, 1979.

Gershwin A. Drain, F. Randall Karfonta, Detroit, Mich., for defendant-appellant Mendenhall.

James K. Robinson, U. S. Atty., Victoria A. Toensing, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK, CELEBREZZE, LIVELY, ENGEL and KEITH, Circuit Judges, sitting en banc.*

PER CURIAM.

On petition filed by the United States, this court, on January 12, 1979, vacated the decisions in No. 78–5064, *United States v. Sylvia L. Mendenhall,* and No. 78–5081, *United States v. David A. Camacho,* and scheduled arguments on both before the court en banc. The cases have now been briefed and orally argued before the full court.

On careful review of the records, and the authorities cited to us in the Supreme Court and the Courts of Appeals, we now conclude that the panel decisions in both *Mendenhall* and *Camacho* should be and are hereby reinstated.

Our review of the facts in both of these cases convinces the majority of this court that in neither case was there valid consent to search within the meaning of *United States v. McCaleb,* 552 F.2d 717 (6th Cir. 1977). We also hold that the so-called drug courier profile does not, in itself, represent a legal standard of probable cause in this Circuit. We recognize, of course, that the drug enforcement agency's employment of this profile in educating its officers as to what conduct to look for in relation to drug couriers is a perfectly valid law enforcement device.

Examination of these records and re-examination of precedent in these airport drug search cases in this and other Appellate Courts have led to our decision not to attempt to formulate definitive rules. Despite some general similarities, every single case differs from every other in material degree.

In view of our en banc decision set forth above, we now reverse our preceding denial of bail to Mendenhall and Camacho and remand these cases to the District Court for determination of an appropriate bond pending petitions for writ of certiorari.

WEICK, Circuit Judge, dissenting.

I respectfully dissent. En banc consideration of the present appeals was ordered so that we could re-examine and reconsider our decision in *McCaleb,* which has been under continuous attack by the Government in an increasing number of narcotics cases coming from traffic in drugs at Detroit's Metropolitan Airport.

---

* Judge Merritt recused himself from this hearing.

Important questions of law are involved in connection with investigations of drug traffic at the airport, such as the right of federal agents to stop and question suspects where such agents have reasonable grounds to believe that the suspects are engaged in narcotics transactions; and such questions as: Where the agents by their questions learn that the suspects are traveling under assumed names, and are acting in a suspicious manner, may they request that the suspects accompany them to a private room at the airport in order to comply with airport regulations designed to prevent confrontation in public areas and possible resulting injury to the public? and Where the suspects consent to accompany the officers to the private room, is such consent, or their consent in the private room to a search, coercive *per se*?

After receiving supplemental briefs filed by the parties and hearing oral arguments, the en banc majority, consisting of only five of the six Judges constituting the en banc Court (our normal complement is nine Judges and two more judgeships are provided in the recent Bill passed by Congress) summarily disposed of the appeals by a simple two-page per curiam order without deciding any of the important questions of law involved, which were the very reasons for granting en banc consideration.

It was suggested by a colleague that we withhold decision to await the determination by the Supreme Court of similar questions of law in pending "stop and frisk" cases, but such suggestion was not followed by the en banc majority. The similar cases in which the Supreme Court granted certiorari, heard oral arguments in one of them, and fixed the time for oral arguments in another, are as follows: *Delaware v. Prouse,* —— U.S. ——, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *Michigan v. DeFillippo,* —— U.S. ——, 99 S.Ct. 560, 58 L.Ed.2d 647 (1978) scheduled during weeks of February 23 and 26 (one hour); *Brown v. Texas,* —— U.S. ——, 99 S.Ct. 1207, 59 L.Ed.2d 451 (1979).

The Government, in its petition for rehearing en banc, points out questions of exceptional importance to be considered in connection with investigations by experienced federal agents of traffic in huge quantities of narcotics flowing into the Detroit airport, principally from Los Angeles, San Diego, Miami, and New York.[1]

The investigations involve persons who, in the trained mind of experienced federal agents, are regarded as suspicious. Usually such persons are traveling between distant places, without luggage or with little luggage, and are looking around and appear to be nervous. The agent will stop such a person in the airport, identify himself, ask the suspect for identification, and ask to see his plane ticket.

When identification has been made the agent usually discovers that the suspect is traveling under an assumed name. The plane ticket may also reveal stop-offs at a place or places other than Detroit. Sometimes the suspect is seen in the presence of

---

1. The amount and type of illegal narcotics seized at the Detroit Metropolitan Airport are as follows:

| | 1975 | 1976 | 1977 | 1978 |
|---|---|---|---|---|
| Heroin | 41.1 lbs. | 66 lbs. | 14.5 lbs. | 10 lbs. |
| Cocaine | 5.1 lbs. | 7 lbs. | 5.3 lbs. | 4.8 lbs. |
| Phencyclidine | 15 lbs. | 5.5 lbs. | 3 ozs. | 1 lb. |
| Marijuana | 794 lbs. | 189.5 lbs. | 347.8 lbs. | 47.5 lbs. |
| LSD | 6,000 dosage units | | 11,000 dosage units | |
| Hashish | 5.8 ozs. | | 8 ozs. | |
| Amphetamines | 41 grams | | | |
| Methamphetamines | | | 29 ozs. | |
| Dangerous Drugs | 93 grams | | 2,000 dosage units | 1,536 dosage units |

[p. 2, Petn for rehearing en banc]

a known narcotics dealer. The agent will then invite the suspect to accompany him to a private room in the airport. The reason is that the agent must comply with airport regulations which are designed to prevent public confrontation and injury which may result therefrom. When they arrive at the room the agent then asks the suspect for permission to search him. If consent is given, such consent ought not be vitiated by an appellate court where the District Court has found the consent to be voluntary, in the absence of a finding by the appellate court that the District Court's finding is not supported by substantial evidence. Where consent is not given, the agent would have the right to arrest and search, if he has probable cause to do so.

In the present appeals each District Judge hearing the case granted an evidentiary hearing on a motion to suppress evidence, and held that the federal agents had reasonable grounds to stop and question the defendants, that defendants acquiesced in following the agents to the private room, and that consent to the search was either given voluntarily or that the agents had probable cause to arrest and search. The District Judges who presided in the present cases were the Honorables Ralph B. Guy, Jr. and Robert E. DeMascio, both able jurists with extensive experience in the trial of cases in the Eastern District of Michigan.

The en banc majority, relying on *McCaleb*, reverses the judgments of the District Judges without specifically finding that the District Judges' findings of fact on the issues of reasonable grounds to stop and question, acquiescence in following the agents to the private room, and probable cause to arrest and search or voluntary consent to the search, were not supported by substantial evidence, and are clearly erroneous, and that their conclusions of law are incorrect.

Apparently the en banc majority regard *McCaleb* as holding that the facts are *per se* coercive. If this is so, it is time to overrule *McCaleb* and its progeny. The *McCaleb* opinion also regards circumstances (which to the trained mind of the federal agents

are regarded as suspicious), as such that they may be treated as innocent by an appellate court.

With the ever increasing traffic in narcotics causing so much damage and injury to the public, we ought not sanction a set of rules which hamstring the federal officers in making legitimate investigations. It is also noteworthy that the investigations in each of the present cases, as in many others, produced real results. The defendants were couriers of narcotics.

I would affirm the judgment of conviction in each appeal.